Kibby *et al. v.* Kibby, Administrator.

Filed Jan. 24, 1894.

---

### No. 741.

### Kibby et al. *v.* Kibby, Administrator.

From the Grant Circuit Court.

*J. C. Branyan, G. E. Meyers, J. S. Branyan* and *F. W. Swezey*, for appellants.

*D. H. Fouts, A. M. Waltz* and *J. A. Kersey*, for appellee.

Davis, C. J.—The appellants filed, as a claim against the estate of their father, a note purporting to have been executed by him to them in June, 1891, for two thousand dollars. No answer was filed by appellee. The case stood for trial on such defense as might lawfully be given in evidence under the statute. A trial by jury resulted in verdict and judgment against appellants. In this court, the only error assigned is that the trial court erred in overruling appellants' motion for a new trial.

The reasons contained in the motion for a new trial are that the verdict is not supported by sufficient evidence, and is contrary to law.

We have carefully read the entire record, and the facts are that Jonah Kibby departed this life intestate, in January, 1892, leaving surviving him a widow, by whom he had no children, and five children, two sons and three daughters, by a former wife, also that his estate at that time consisted of one hundred and twenty acres of land, and personal property to the amount of twelve hundred dollars, and that for almost a year prior to his death he was terribly afflicted with an incurable cancer in and about the lips and mouth.

There is also evidence tending to show that appellants—the sons of Jonah Kibby—were kind to their father, and assisted in caring for him in his great affliction; that he suffered intensely, and a part of the time, at least, was not in his right mind, and that said appellant, John E. Kibby, had great influence over his father, and could easily talk or persuade him into doing anything he wished him to do.

No one testified to the execution of the note in suit—when, how or for what it was given does not appear,—but several witnesses testified

Kibby *et al. v.* Kibby, Administrator.

that, in their opinion, the signature to the note was in the handwriting of Jonah Kibby. The cross-examination discloses that the witnesses were not positive as to whether the signature was his, but this was their opinion from the limited knowledge they had of his handwriting.

The appellant Paul Kibby testified that he never heard of the existence of the note until after the death of his father.

We can only say that if the note was executed by said Jonah Kibby the only consideration therefor, so far as any inference can be drawn in relation thereto, from anything appearing in the record, grows out of the services rendered by appellants in assisting in caring for their father during his last illness.

Whether the note was executed, whether its execution was secured when said Jonah Kibby was not in his right mind, or through the undue influence of John E. Kibby, or whether there was any consideration for the note, were all questions for the jury to determine.

The fact, if true, that the jury would have been justified in the conclusion that the note was duly executed by Jonah Kibby for a good and valuable consideration is no reason why this court, because a contrary result was reached, should set aside the verdict. The jury were not bound to conclude, on the evidence introduced, that appellants had established every material point in issue, the burden of which was on them, by a preponderance of the evidence. Neither was the conclusion irresistible that appellee had not established, by such preponderance, one, at least, of the affirmative defenses on which the estate relied to defeat the action.

In addition to what has been said, we will say that it does not appear, except inferentially, that there was any intent on the part of appellants, or either of them, when the services were rendered, to charge anything therefor, neither is it shown in any manner that said decedent expected to pay them for such services.

Moreover, we fail to find any statement in the record that the note was introduced in evidence. We do find a statement that it was offered in evidence, and that the objection made to reading it in evidence was overruled; but if the note was then, or thereafter, introduced or read in evidence, the record is silent on that subject. There is no copy of the note in the record at the place where it was offered in evidence. We notice in one place in the bill of exceptions, between two pages in the testimony of the witness John Patterson, a slip of paper, at the top of which there appears, "Note exhibit A in evidence," following which there is a copy of the note in suit, but there is nothing either preceding or following to indicate that the note was read in evidence. If, however, this defect or omission in the record was overlooked, this court could not, under the circumstances shown by the record, and to some of which we have briefly called attention, disturb the verdict of the jury on the evidence.

The judgment is affirmed.

REINHARD, J., absent.

Filed Dec. 14, 1893.